# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JAIRON ENRIQUE BORJAS CASTILLO,

Petitioner,

v.

PATRICK DIVVER, *et al.*,

Respondents.

Case No. 26-cv-02909-BAS-VET

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

## I. BACKGROUND

Petitioner Jairon Enrique Borjas Castillo was detained on November 8, 2025, and is currently in immigration custody. (ECF No. 1.) He received a bond hearing before an Immigration Judge, who denied his request for bond—finding his release would pose a danger to the community. (ECF No. 4, Ex. 1.) Petitioner did not appeal this ruling but instead files this Petition arguing that his detention has been arbitrarily and unreasonably prolonged. (ECF No. 1.) The Government responds that the Petition should be dismissed because Petitioner has failed to exhaust his administrative remedies. (ECF No. 4.) This Court agrees. Thus, the Court **DENIES** the Petition.

## II.   STATEMENT OF FACTS

Immigration and Customs Enforcement ("ICE") detained Petitioner on November 8, 2025, after he was convicted of driving under the influence on January 26, 2025. (ECF No. 4.) He also has a 2024 arrest for felony threats and domestic violence charges. (*Id.*)

On December 29, 2025, an Immigration Judge held a bond hearing for Petitioner and found his release would pose a danger to the community. (ECF No. 4, Ex. 1.) Petitioner did not appeal this ruling to the Board of Immigration Appeals ("BIA").

## III.   ANALYSIS

### A.   Administrative Exhaustion

To the extent Petitioner argues that the Immigration Judge made the wrong decision in denying Petitioner bond, Petitioner had the option of appealing this decision to the BIA but, instead, elected to appeal directly to the district court.

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies. He had the option to appeal his bond denial to the BIA and failed to do so. Although this is a prudential

26cv2909

requirement, requiring appeal to the BIA makes sense. The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted. If, as Petitioner argues, the Immigration Judge made a rogue decision, appealing to the BIA allows the agency to correct its own mistakes and precludes the need for judicial review. And finally, direct appeal to the district court encourages deliberate bypass of an administrative scheme. *See Puga*, 488 F.3d at 815 (listing reasons for requiring administrative exhaustion). Petitioner fails to argue any grounds for waiving the requirement. Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

### B.    Prolonged Detention

Petitioner, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), argues that he should be released from custody because he has been in custody longer than six months. Petitioner contends that, under 8 U.S.C. § 1231, detention beyond six months is presumptively unreasonable under *Zadvydas*. However, Petitioner also argues that he should have "a meaningful opportunity to challenge detention" and, at a minimum, "a constitutionally adequate bond hearing." (ECF No. 1.)

As a preliminary matter, § 1231 pertains to individuals subject to a final removal order, not those, like Petitioner, who are still contesting removal. In addition, *Zadvydas* was concerned about detention without a bond hearing or an opportunity to be heard and, in this case, Petitioner had a bond hearing before an Immigration Judge and had an opportunity to be heard, even if he did not like the result. Petitioner fails to explain how the bond hearing held on December 29, 2025, was constitutionally inadequate and not a meaningful opportunity to challenge detention.

Petitioner's detention for more than six months, with a bond hearing, is not unreasonable. The Immigration Judge's determination that Petitioner should not be released given his criminal record was not unreasonable. And, ultimately, this Court is not the proper forum to consider an appeal of the Immigration Judge's determination—that responsibility belongs to the BIA.

**IV.   CONCLUSION**

Because Petitioner has failed to exhaust his administrative remedies by appealing his bond determination to the BIA, the Court **DENIES** the Petition. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: June 4, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv2909